UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NEW YORK STATE TEAMSTERS CONFERENCE
PENSION & RETIREMENT FUND, by its Trustees,
John Bulgaro, Daniel W. Schmidt, Michael S. Scalzo, Sr.,
Mark Gladfelter, Bob Schaeffer, Brian Hammond,
Mark May and Paul Markwitz,

                      Plaintiffs,          Case No.: 5:19-cv-00470 (LEK/ATB)

vs.

G&T AIR EXPEDITING SERVICES, INC.,

                      Defendant.

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
OCT 03 2019
AT_____ O'CLOCK_____
John M. Domurad, Clerk - Albany

## CONSENT JUDGMENT AND ORDER

The Plaintiffs, New York State Teamsters Conference Pension and Retirement Fund and its Board of Trustees (collectively, the "Pension Fund"), filed a Complaint in this matter on April 22, 2019 against the Defendant, G&T Air Expediting Services, Inc. ("G&T"), and properly served the Defendant on May 9, 2019. Without interposing an Answer to the Pension Fund's Complaint or filing a dispositive motion with the Court, G&T now consents to the entry of a Judgment and Order against it by this Court in accordance herewith.

    A.    G&T admits to the jurisdiction of the Court over it and over the subject matter of this action. G&T also admits that this Court has the authority to enter this Order and that this Court is the proper venue for any enforcement action which may be required as a result of this Order.

    B.    G&T admits that it owes the Pension Fund outstanding employee benefit contributions and liquidated damages through August 5, 2019 in the amount of $78,335.40; 11% interest on the

1

unpaid contributions in the amount of $8,816.33; costs in the amount of $470.00; and attorneys' fees in the amount of $14,511.25.

C. G&T expressly waives any and all claims of any nature whatsoever that it has or may have against the Pension Fund or any of its trustees, administrators, managers, agents, employees, representatives or attorneys arising out of or in connection with this action.

D. G&T expressly consents to the entry of this Consent Judgment and Order by this Court and waives its right to any appeal from this Consent Judgment and Order.

Accordingly, it is ORDERED, ADJUDGED and DECREED that:

1. This Court has jurisdiction over the parties to this Order and the subject matter of this action.

2. The Pension Fund shall have Judgment against G&T in the amount of $102,132.88, as set forth below, in full and final payment of any and all delinquent employee benefit contributions, liquidated damages, interest, costs and attorneys' fees due and owing the Pension Fund through August 5, 2019:

   - Unpaid contributions and liquidated damages through 8/6/19 ................................................. $78,335.40
   - 11% simple interest ............................................... $8,816.23
   - Costs: Filing Fee ($400); Service of Process ($70) ............ $470.00
   - Attorney fees ....................................................... $14,511.25

   Total    $102,132.88

3. The within Consent Judgment and Order shall serve as security for the Pension Fund in the amount equal to any outstanding and unpaid portion of the aforestated delinquent employee benefit contributions and liquidated damages; interest; costs; and attorneys'

fees if G&T defaults as defined in the parties' duly executed Settlement Agreement attached hereto as Exhibit A.

4. This Court retains jurisdiction for the purpose of enforcing compliance with the terms of this Consent Judgment and Order.

| The Pension Fund moves for entry of this Judgment | G&T consents to entry of this Judgment |
|---|---|
| **Paravati, Karl, Green & DeBella, LLP** | **G&T Air Expediting Services, Inc.** |
| Vincent M. DeBella, Esq. (101465) | Eric F. Troccia, President |
| 520 Seneca Street, Suite 105 | G&T Air Expediting Services, Inc. |
| Utica, New York 13502 | 1510 Grand Central Ave. |
| p. (315)735-6481 | Elmira, N.Y. 14901 |
| f. (315)735-6406 | p. (607) 734-8153 |
| E-mail: vdebella@pkgdlaw.com | E-mail: erict.gtair@verizon.net |

IT IS SO ORDERED

_____
Hon. Lawrence E. Kahn
U.S. District Court Judge

Dated: 10/3/19
Albany, New York

3

# SETTLEMENT AGREEMENT

This Settlement Agreement made the 20 day of September, 2019 by and between the New York State Teamsters Conference Pension and Retirement Fund and its Board of Trustees ("Pension Fund") and G&T Air Expediting Services, Inc. ("G&T").

## RECITALS

WHEREAS, the Pension Fund is a "multi-employer employee benefit plan" as defined in Section 3(37)(A) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002 (37)(A), and is governed by a Board of Trustees who is the "plan sponsor" as defined in Section (3)(16)(B) of ERISA, 29 U.S.C. §1002 (3)(16)(B); and

WHEREAS, at all times relevant hereto, G&T was and still is a participating "employer" in the Pension Fund as defined in Section (3)5 of ERISA, 29 U.S.C. §1002(5); and

WHEREAS, at all times relevant hereto, G&T was signatory to both a participation agreement with the Pension Fund and a collective bargaining agreement with a Teamsters Local ("Agreements"); and

WHEREAS, pursuant to the provisions of the aforementioned Agreements and Pension Fund Plan documents, G&T agreed to make certain benefit contributions to the Pension Fund on behalf of all of its covered employees; and

WHEREAS, G&T failed to remit full employee benefit contributions for all of its covered employees in timely manner and the Pension Fund filed and served a complaint against G&T in the United States District Court for the Northern District of New York in an action captioned <u>New York State Teamsters Conference Pension and Retirement Fund et. al. v. G&T Air Expediting Services, Inc.: Civil Case Number 5:19-cv-00470 (LEK/ATB)</u> ("Action") to

1

recover said unpaid contributions and liquidated damages in the amount of $83,310.32 plus interest, costs and attorneys' fees; and

WHEREAS, after some negotiation by and between the parties, and without G&T interposing an answer to the Pension Fund's complaint or otherwise filing a dispositive motion, the Pension Fund and G&T agreed to settle this matter upon the terms and conditions recited below.

NOW, THEREFORE, in consideration of the promises and mutual covenants contained herein, it is agreed by the parties as follows:

1. G&T shall pay the Pension Fund the sum of $78,335.40 plus 11% interest in the amount of $8,816.23 for a total of $87,151.63. Said $87,151.63 shall be paid in six (6) consecutive thirty (30) day installments of $14,525.27 each ($14,525.27 x 6 = $87,151.63) in full satisfaction of all past due contributions, liquidated damages, interest, costs, and attorneys' fees owed the Pension Fund through August 2019.

2. The first of the six installments of $14,525.27 shall be paid no later than ten (10) days after the last party signs the within Settlement Agreement with another installment paid every thirtieth (30) day thereafter until the total sum of $87,151.63 is paid in full.

3. In the event any of the six (6) scheduled payments are not timely received by the Pension Fund as described above, the Pension Fund shall give written notice to G&T of its delinquency by certified mail at the following address designated by G&T for this purpose... 1510 Grand Central Ave., Elmira, N.Y. 14901. Upon receipt of said notice, G&T shall have five (5) business days thereafter to cure said delinquent payment and remit the full amount then due and owing the Pension Fund.

4. In the event G&T fails or refuses to cure the delinquent payment within the designated 5 day period, G&T shall be deemed in default of this Agreement.

5. Until the abovestated $87,151.63 is paid in full, G&T shall remain current in its ongoing monthly contribution payments to the Pension Fund for its covered employees as prescribed in the Agreements and Pension Fund Plan documents.

6. If at any time before the abovestated $87,151.63 is paid in full, any of G&T's current and ongoing monthly contribution payments for its covered employees are not timely received by the Pension Fund, the Pension Fund shall give written notice to G&T of its delinquency by certified mail at the designated address above. Upon receipt of said notice, G&T shall have five (5) business days thereafter to cure said delinquent payment and remit the full amount then due and owing the Pension Fund.

7. In the event G&T fails or refuses to cure the delinquent payment within the designated 5 day period, G&T shall be deemed in default of this Agreement.

8. As and for security for the full and timely payment of the six (6) scheduled installments and continuing contributions as set forth above, in the event of 'default' as defined above;

- The Pension Fund and G&T shall execute a Consent Judgment and Order to be signed by the Honorable Lawrence E. Kahn in the amount of $102,132.88, less any monies previously paid by G&T to the Pension Fund pursuant to this Settlement Agreement. Said signed Consent Judgment and Order shall be held in escrow by the Pension Fund and shall not be filed and enforced unless and until G&T defaults by failing to timely cure any duly noticed delinquent payment as set forth above in paragraphs numbered "2", "3", "4", "5", "6" and "7".

9. Neither the Pension Fund nor G&T shall be entitled to any costs, attorneys' fees, or any other relief as relate to the pending Action. However, should G&T default in its payments to the Pension Fund, as described above, the Pension Fund may seek costs and attorneys' fees for the enforcement of this Settlement Agreement.

10. The Court shall retain jurisdiction for purpose of enforcing compliance with the terms of this Consent Judgment and Order.

11. The Pension Fund agrees to forebear any further action against G&T for any delinquent employee benefit contributions and liquidated damages owed through August 2019, including any collection efforts on the Consent Judgment and Order, unless the scheduled payments are not timely made and/or cured by G&T under the terms and conditions of this Settlement Agreement.

12. The Pension Fund represents that the undersigned, Kenneth R. Stilwell, Executive Administrator of the Pension Fund, is fully authorized to execute this Settlement Agreement on behalf of the Pension Fund and bind said Pension Fund to its terms.

13. G&T represents and warrants that the undersigned, Eric F. Troccia, President of G&T, is fully authorized to execute this Settlement Agreement on behalf of G&T and bind G&T to its terms.

14. G&T represents and warrants that it has no intentions of filing bankruptcy within the ninety (90) day period following execution of this Settlement Agreement. G&T also agrees that the terms of this Settlement Agreement and any amounts owed to the Pension Fund are not dischargeable in any bankruptcy proceeding.

15. This Settlement Agreement is entered into in the State of New York and shall be construed and interpreted in accordance with the laws of the State of New York, except as may be preempted by ERISA.

16. Should any provision of this Settlement Agreement be declared or be determined in a final, non-appealable judgment by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining terms will not be affected.

17. The Pension Fund and G&T hereby certify that they have read the terms of this Settlement Agreement, that they have had an opportunity to discuss it with their respective attorneys, and that they understand its terms and effects.

18. This Settlement Agreement may be executed in separate counterparts, which when taken together shall form and constitute the parties' entire agreement.

19. This Settlement Agreement states the entire agreement between the parties and may not be modified except by a writing signed by both parties.

G&T AIR EXPEDITING SERVICES, INC.

By: _____
ERIC F. TROCCIA
PRESIDENT


STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF CHEMUNG   )

On this _20_ day of September, 2019 before me personally appeared **Eric F. Troccia**, President of G&T, known to me as the individual named in and who executed the forgoing Settlement Agreement and he acknowledged to me that he is duly authorized to bind G&T and execute the within Settlement Agreement and that on this day he executed same.

RITA M BERGH
Notary Public, State of New York
NO. 01BE6171328
Qualified in Chemung County
Commission Expires July 23, 2023

_____
NOTARY PUBLIC


NEW YORK STATE TEAMSTERS
CONFERENCE PENSION AND
RETIREMENT FUND

By: _____
KENNETH R. STILLWELL
EXECUTIVE ADMINISTRATOR


STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF ONONDAGA )

On this _20_ day of September, 2019 before me personally appeared **Kenneth R. Stilwell**, Executive Administrator of the Pension Fund, known to me as the individual named in and who executed the forgoing Settlement Agreement and he acknowledged to me that he is duly authorized to bind the Pension Fund and execute the within Settlement Agreement and that on this day he executed same.

JESSICA T HOYT
Notary Public, State of New York
No. 01HO6312804
Qualified in Oswego County
Commission Expires Oct. 06, 20 22

_____
NOTARY PUBLIC